38591. HARPER v. JONES *et al.*, Executors.

DECIDED JANUARY 16, 1961.

*L. D. Skaggs,* for plaintiff in error.
*Erwin, Birchmore & Epting, Howell C. Erwin, Jr.,* contra.

JORDAN, Judge. This was a suit to recover damages for timber cut and removed from the plaintiff's land by the defendants. The defendants demurred generally to the petition on the ground that the petition showed on its face that the action was barred by the statute of limitation. The trial judge sustained the

general demurrer and certain special demurrers and dismissed the petition. The exception is to that judgment.

The plaintiff's amended petition discloses that the right of action in this case accrued in 1951 when the timber was cut and removed but that the suit was not filed until May 6, 1959. Whether the plaintiff's action be construed as one seeking damages for trespass upon realty or damages for the conversion of personalty, the applicable period of limitation is four years. *Code* §§ 3-1001, 3-1003.

It is contended by the plaintiff, however, that the petition shows that the statute of limitation was tolled under *Code* § 3-807 which provides, "If the defendant, or those under whom he claims, shall have been guilty of a fraud by which the plaintiff shall have been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud."

A careful examination of the amended petition, however, shows that the plaintiff allegedly failed to file his suit within the four years after his right of action accrued only because one of the defendants told him about four years after the timber was cut that "he [the defendant] did not know exactly where the lines were on the property, but that he had a plat of the land on which the timber was cut and that said land was a part of the Jones estate and not part of the plaintiff's." The mere making of this statement, which is not alleged to be false, could in no way have constituted such fraud as to debar or deter the plaintiff from prosecuting his action. *Austin v. Raiford,* 68 Ga. 201 (3a); *Printup v. Alexander & Wright,* 69 Ga. 553; *Barrett v. Jackson,* 44 Ga. App. 611 (3) (162 S. E. 308).

Other allegations of the petition, relied on by the plaintiff to show fraud on the part of the defendants, relate to events which transpired more than four years after the right of action accrued, and are therefore irrelevant and immaterial as to the issue of tolling the statute.

Accordingly, since the petition shows on its face that this action was brought more than four years after the right of action accrued, and since there are no specific allegations of actual fraud on the part of the defendants deterring and debarring the

plaintiff from instituting the suit within the statutory period so as to toll the operation of the statute of limitation, the trial court did not err in sustaining the defendants' general demurrer and dismissing the petition. *Warnock v. Warnock,* 206 Ga. 548 (57 S. E. 2d 571).

*Judgment affirmed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*