## 63565. JONES et al. v. ALEXANDER.

POPE, Judge.

Plaintiff-appellee Alexander filed suit on December 17, 1976 to remove a cloud from the title to certain property located in Polk County, Georgia. Additionally, she sought damages and attorney fees. Named as defendants were numerous individual members of the family and other relatives of B. M. Jones, including executors of Jones' will ("Jones family"), and two corporations to whom the land had been leased.

Alexander claimed title to the land in question through a deed to her maternal grandmother, Mollie Nunnally. The warranty deed, dated and recorded in 1907, purported to convey the land from L. G. Blance to Mollie Nunnally for her life and then to her children and children's children. This deed was held by the trial court to violate the Rule Against Perpetuities. In 1924 Mollie Nunnally died leaving no will; thus, her interest in the property passed by intestacy to her only heirs, her three survivng children. Annie Mae Nunnally Dillard, Mollie Nunnally's daughter, was married to Floyd Dillard at the time of her death in 1950. She left no will. In addition to her husband, the only heirs of Annie Mae Nunnally Dillard were her four surviving children, one of whom is appellee Alexander.

In a warranty deed dated February 18, 1952 and recorded March 4, 1960, Floyd Dillard purported to transfer the subject property in fee simple to B. M. Jones. The land was primarily used for timber farming by Jones, his successors in interest, and/or their lessees. In September, 1972 warranty deeds were conveyed to Alexander by the two surviving children of Mollie Nunnally and by the remaining three surviving children of Annie Mae Nunnally Dillard. These deeds were recorded on October 16, 1972.

The trial court determined as a matter of law that Alexander and the Jones family were tenants in common with respect to the property in question. Floyd Dillard had conveyed to Jones his interest, one-fifth of his intestate wife's one-third. Therefore, Jones received an undivided one-fifteenth interest in the land. Through inheritance and the warranty deeds in 1972, Alexander's interest was held to be fourteen-fifteenths.

The jury specifically found that the Jones family had not acquired title by prescription and returned a verdict in favor of Alexander which awarded her actual damages, aggravated damages, and attorney fees against the B. M. Jones estate.

1. Appellants appeal only the jury's award of damages and

attorney fees.[1] The trial court ruled that Alexander and the Jones family are tenants in common. There can be no action for trespass between co-tenants. *Pullen v. Johnson,* 173 Ga. 581, 583 (160 SE 785) (1931); *Board of Ed. v. Day,* 128 Ga. 156 (9) (57 SE 359) (1907). Exceptions to this general precept exist; however, they are inapplicable here. The applicable statute of limitation for damages flowing from trespass to realty provides: "All actions for trespass upon or damages to realty shall be brought within four years after the right of action accrues." Code Ann. § 3-1001; *Harper v. Jones,* 103 Ga. App. 40 (118 SE2d 279) (1961). Alexander's contention of trespass upon or damage to realty was predicated upon the cutting of timber on the property which was at least sanctioned by appellants through the various leases for such purpose. As the record evidence demands a finding that no timber was cut on the property at issue after 1962, Alexander's claim for actual damages must fail. Alexander's suit was filed on December 17, 1976; therefore, any actual damages to which she could conceivably be entitled would be calculated from December 17, 1972 to December 17, 1976. See *Lankford v. Dockery,* 85 Ga. App. 86 (5) (67 SE2d 800) (1951). An action for an accounting to recover rents and profits is the only possible remedy available to Alexander under the facts of this case. See Code Ann. § 85-1004.

2. In an action for damages for cutting and carrying away timber, the measure of damages is fixed by Code Ann. § 105-2013, and appellee Alexander can not recover punitive damages under this section. *De Bardelaben v. Coleman,* 74 Ga. App. 261 (3) (39 SE2d 589) (1946). The measure of damages for cutting timber is only for actual damages if the trespasser honestly believed that he had title. *Yahoola River &c. Mining Co. v. Irby,* 40 Ga. 479 (5) (1869). Even if Alexander could have maintained an action for trespass in which she would have shown actual damages as a result of appellants' acts, she would, under the facts of this case, be precluded from an award of aggravated or exemplary damages. This is especially true where, as here, there exists no record evidence of bad faith or malice or wilful and wanton trespass. *Wilson v. Dunaway,* 112 Ga. App. 241 (8) (144 SE2d 542) (1965). Further, B. M. Jones entered and held the property under color of title. Nothing appears in the record to show aggravation, either in the act or the intent. See Code Ann. § 105-2002.

In the case sub judice, as the evidence does not support an award

---

[1] The appellants did not appeal the jury verdict which denied the Jones family title by prescription. Therefore, that issue is not before this court. But see *Jordan v. Robinson,* 229 Ga. 761 (194 SE2d 452) (1972); 25 Mercer L. Rev. 211, 212 (1974).

of aggravated or even actual damages, and under no applicable statute are attorney fees specifically authorized, the award of attorney fees was not warranted. Cf. *Hickman v. Frazier,* 128 Ga. App. 552 (197 SE2d 441) (1973). Where, as here, there is a bona fide dispute, without evidence of bad faith, this is also insufficient to support a claim of stubborn litigiousness. *Gordon v. Ogden,* 154 Ga. App. 641 (2) (269 SE2d 499) (1980).

For the reasons stated above, the judgment as to the ownership of the property is affirmed; the judgment as to the award of all damages and attorney fees is reversed.

*Judgment affirmed in part; reversed in part. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 16, 1982 — REHEARING DENIED JULY 29, 1982.

*E. A. Simpson, Jr., Gary M. Cooper,* for appellants.
*Marson G. Dunaway, Jr.,* for appellee.