68534. DUGGER v. DELTA AIR LINES, INC.
(325 SE2d 394)

POPE, Judge.

Appellant Teddye Dugger brought suit against appellee Delta Air Lines, Inc., her former employer, alleging that Delta had violated the Georgia Equal Employment for the Handicapped Code, OCGA Ch. 34-6A. She claimed that Delta had discriminated against her by discharging her because of her handicap. After a period of discovery, Delta moved for summary judgment which was granted by the trial

court.

The record shows that Dugger had been employed by Delta for a number of years as a flight attendant. Dugger injured her back on the job in March 1979 and reinjured it in work-related activity in November 1980. As a result of these injuries, Dugger missed work for approximately the next year and a half. During this period Dugger received workers' compensation benefits, medical payments, accident pay, sick pay, vacation pay, and supplemental disability payments from Delta, the total of which exceeded $45,000. When it became apparent that Dugger was, and for the foreseeable future would be, unable to resume her duties as a flight attendant, Delta offered her a position as a reservations clerk. Although reservations clerks ordinarily perform their duties while seated and work a routine eight-hour day, Delta made the following arrangements to accommodate Dugger's physical disability. Dugger's work station was arranged so that she could perform the job while sitting or while standing in order to decrease the fatigue and pain caused by her injured back. In addition, Dugger was given permission to use a bed provided by Delta to lie down for up to 1-¾ hours per work day. During the eight days Dugger was employed as a reservations clerk, she missed four days due to illness and appointments associated with her back injury. She testified that by 2:00 p.m. of each day she worked, she was in extreme pain. She further testified that at the time she held the reservations clerk job she felt she was totally disabled from working in the position.

OCGA § 34-6A-4 (a) reads as follows: "No employer shall fail or refuse to hire, discharge, or discriminate against any handicapped individual with respect to wages, rates of pay, hours, or other terms and conditions of employment because of such person's handicap unless such handicap restricts that individual's ability to engage in the particular job or occupation for which he or she is eligible; nor shall any employer limit, segregate, or classify handicapped individuals in any way which would deprive or tend to deprive any handicapped individual of employment opportunities or otherwise affect employee status because of such person's handicap, unless such handicap constitutes a bona fide and necessary reason for such limitation, segregation, or classification. This subsection shall not be construed to require any employer to modify his physical facilities or grounds in any way or exercise a higher degree of caution for a handicapped individual than for any person who is not a handicapped individual, nor shall this subsection be construed to prohibit otherwise lawful employment practices or requirements merely because such practices or requirements affect a greater proportion of handicapped than nonhandicapped individuals within the area from which the employer customarily hires his employees." It is this statute which Dugger alleges Delta vio-

lated in discharging her from the job as a reservations clerk. Dugger alleges that Delta had a duty under the statute to provide her with the opportunity to select another job within Delta for which she was eligible. She contends that such jobs exist and that she was and is eligible to fill them. We find several problems with this reading of the statute and with her contentions in conjunction with the facts in the record.

The statute is obviously a balancing of the interests of society in providing an opportunity for handicapped people to work, and the interests of employers to maintain the freedom to hire and maintain employees who can best perform the duties of a particular job. Employers are not required to modify facilities or to exercise a greater degree of caution in regard to a handicapped worker than would be done for an able-bodied worker. An employer simply must not discriminate in employment decisions *unless the person's handicap restricts his or her "ability to engage in the particular job or occupation for which he or she is eligible."* An employer is not required under this law to hire or maintain a person who cannot perform the duties of the job because of that person's handicap. In a case such as the one at bar, which involves discharge, the word "eligible" in the statute must necessarily refer to the particular job held by the individual before discharge. Thus, the material issue to be determined is whether the individual was discharged because of an inability to perform the job held as a result of the handicap, or whether the discharge was simply the result of the handicap uncoupled with inability to do that particular job.

The record before us shows that Dugger could not perform consistently in the job of reservations clerk because of her persistent back pain, in spite of Delta's modification of her work station and other accommodations voluntarily made by Delta. On the record before us, we find that Delta did not violate OCGA § 34-6A-4 (a) in discharging Dugger. Although Dugger claims that Delta discriminated against her by not allowing her additional sick leave, or to bid on other jobs or an opportunity to train for a different job, she has produced no evidence to rebut Delta's evidence that she was treated in the same manner as any other Delta employee would be under the same circumstances. "When a motion for summary judgment is submitted and supported by evidence, the adverse party may not rest his case as made but must set forth specific facts and present his case in full in order to show there is a genuine issue for trial. [Cits.]" *Alghita v. Universal Investment &c. Co.*, 167 Ga. App. 562, 566-567 (307 SE2d 99) (1983). Therefore, we find that the trial court did not err in granting summary judgment to Delta.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 15, 1984 —
REHEARING DENIED DECEMBER 10, 1984 — 

*Sonja L. Salo*, for appellant.
*Hunter R. Hughes III, Gregory L. Riggs*, for appellee.