## 73575. GRAYER v. HAGLER et al.

(353 SE2d 545)

SOGNIER, Judge.

Tony Grayer instituted suit against Dr. Thomas Hagler, Superintendent of Bibb County Schools, and several high school officials, claiming his civil rights had been violated when he was declared ineligible to play varsity basketball during his senior year in high school. This ineligibility resulted from Grayer's alleged violation of the "migratory rule," which denies eligibility to students who transfer from one school to another during the school year without an accompanying parental change of residence. The trial court granted the defendants' motion to dismiss for failure to state a claim and lack of jurisdiction, and Grayer appeals.

Appellant contends the trial court erred by granting the motion to dismiss on both grounds. This appeal was originally filed in the Supreme Court, and was transferred to us without opinion. We do not find it necessary to discuss the possible viability of appellant's constitutional claims in this court, as we affirm the trial court's dismissal of appellant's complaint on other grounds.

OCGA § 20-2-1160 (a) provides, in pertinent part, that "[e]very county, city, or other independent board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law. . . ." Since appellant's claims are matters of local controversy, see generally *Wilson v. Strange*, 235 Ga. 156, 158 (1) (219 SE2d 88) (1975), and clearly relate to the construction or administration of school law, see *Emerson v. Bible*, 247 Ga. 633 (278 SE2d 382) (1981), appellant was required to exhaust his administrative remedies before instituting action in the courts. *Arp v. Bremen Bd. of Education*, 171 Ga. App. 560 (320 SE2d 397) (1984). Appellant's failure to exhaust these remedies, as revealed by the record, authorized the trial court to grant appellees' motion to dismiss. Although the precise ground for the trial court's grant of the motion is unclear, we need not attempt to ascertain the exact reasoning involved, since it is a well-established principle of law that a judgment which is right for any reason will be affirmed. *Orkin Exterminating v. Walker*, 251 Ga. 536, 539 (2) (307 SE2d 914) (1983).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 21, 1987 —
REHEARING DENIED FEBRUARY 3, 1987 —

*John R. Francisco, Elizabeth R. Francisco*, for appellant.

*W. Warren Plowden, Jr., Jerry A. Lumley,* for appellees.