A89A0269. CITIZENS & SOUTHERN TRUST COMPANY et al.
v. PHILLIPS PETROLEUM COMPANY, INC. et al.

(385 SE2d 426)

CARLEY, Chief Judge.

On May 29, 1987, appellant-plaintiffs filed suit, seeking to recover for damage to their commercial real property. According to the allegations of the complaint, gasoline had leaked from underground storage tanks located at two nearby service stations, and this gasoline had eventually invaded appellants' property. Appellee-defendants answered and raised, among their other defenses, the statute of limitation. After a period of discovery, appellees moved for summary judgment. The trial court granted appellees' motion, holding that the applicable four-year statute of limitation had run on appellants' claims. Appellants appeal from this grant of summary judgment in favor of appellees.

1. Under the pleadings and evidence of record, only four of the eight appellees were shown to have committed any act or omission or to have maintained any control over the underground storage tanks within the four-year period prior to the filing of appellants' suit. Those four appellees are Ropet, Inc., Phillips Petroleum Company, Inc. (Phillips), and Mr. and Mrs. William Tyson. It necessarily follows that the trial court was clearly correct in granting summary judgment in favor of the remaining four appellees. "The continuing tort theory . . . is limited to cases in which personal injury is involved. It is not applicable to cases which involve only property damage." *Corp. of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365, 366 (2) (368 SE2d 732) (1988).

2. The evidence of record shows that the equipment and fixtures at one of the service stations were purchased by appellee Ropet, Inc., in 1981. Appellee Ropet, Inc., then operated the service station until 1985, when the property was purchased by appellees Mr. and Mrs. Tyson. Construing the evidence most favorably for appellants, the underground storage tanks at this service station had leaked intermittently in the past. According to the affidavit of appellants' expert, those underground tanks leaked again during that period of time when appellee Ropet, Inc., was in control of them. Although the affidavit of appellants' expert, as originally filed, referred to papers and documents, copies of which were not attached thereto, a supplement to this affidavit, containing copies of the papers and documents, was subsequently filed.

Accordingly, the trial court erred in granting summary judgment in favor of appellee Ropet, Inc., notwithstanding that the statute of limitation may have run on appellants' claim for the creation of a nuisance or on their claims for any previous intermittent leaks. See *Cox v. Cambridge &c. Houses*, 239 Ga. 127 (236 SE2d 73) (1977). Constru-

ing the evidence most favorably for appellants, they brought a timely claim against appellee Ropet, Inc., for the maintenance of a continuing nuisance. " 'This action accrues at the time of such continuance, and against it the statute of limitations runs only from the time of such accrual.' [Cit.]" *City of Columbus v. Myszka*, 246 Ga. 571, 572 (2) (272 SE2d 302) (1980).

3. As noted above, the evidence of record shows that appellees Mr. and Mrs. Tyson purchased the service station in 1985. However, the evidence also shows that, upon the purchase of the property by appellees Mr. and Mrs. Tyson, the service station was closed and the underground storage tanks were relined. According to the affidavit of appellee Mr. Tyson, daily "stick readings" were thereafter performed on the relined underground tanks and these readings never reflected the loss of any gasoline. That there was no recurrence of a leak from the underground storage tanks after appellees Mr. and Mrs. Tyson purchased the property and relined the tanks is undisputed. In fact, it is corroborated by the affidavit of appellants' expert, who averred only that the leaks had occurred intermittently at least until appellees Mr. and Mrs. Tyson purchased the property. Accordingly, the trial court did not err in granting summary judgment in favor of appellees Mr. and Mrs. Tyson. The undisputed evidence of record shows that, although they maintained control over the property during the relevant period of time, they did not maintain any nuisance which proximately damaged appellants' property. "A party is not guilty of an actionable nuisance unless the injurious consequences complained of are the natural and proximate results of his own acts or failure of duty. If such consequences were caused by the acts of others, so operating as to produce the injury, he would not be liable." *Brimberry v. Savannah, Fla. &c. R. Co.*, 78 Ga. 641 (3 SE 274) (1887).

4. The evidence of record shows that appellee Phillips' only connection with the underground storage tanks during the relevant four-year period was in its capacity as the supplier of the gasoline which was stored in those tanks. "[W]henever . . . gas is supplied with actual knowledge on the part of the one supplying it of the defective and dangerous condition of the customer's appliances, he is liable for injuries caused by . . . the gas thus supplied for use on such defective and dangerous appliances. . . ." *Milligan v. Ga. Power Co.*, 68 Ga. App. 269, 280 (1) (22 SE2d 662) (1942). Construing the evidence most favorably for appellants, a genuine issue of material fact remains as to the existence of a defective condition in the underground storage tanks because, according to the affidavit of appellants' expert, gasoline had leaked from the underground storage tanks and invaded appellants' property within the applicable four-year period. Likewise, a genuine issue of material fact remains as to appellee Phillips' actual knowledge of a defective condition in the storage tanks. The evidence

of record does not demand a finding that appellee Phillips had no actual knowledge that the storage tanks were subject to intermittent leaking. Accordingly, the trial court erred in granting summary judgment as to the issue of appellee Phillips' liability.

5. A failure on the part of appellants to produce any probative evidence as to the specific amount of damage they may have suffered is not a viable basis for the grant of summary judgment against them. "The law infers some damage from the invasion of a property right; and if no evidence is given of any particular amount of loss, it declares the right by awarding what it terms 'nominal damages.' [Cits.]" *Williams v. Harris*, 207 Ga. 576, 579 (2) (63 SE2d 386) (1951).

6. For the reasons given in Divisions 2, 4 and 5, it was error to grant summary judgment in favor of appellees Ropet, Inc., and Phillips. For the reasons discussed in Division 3, summary judgment was correctly granted in favor of appellees Mr. and Mrs. Tyson. As to the remaining appellees, summary judgment was correctly granted for the reason discussed in Division 1.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Beasley, J., concur.*

DECIDED JULY 13, 1989 —
REHEARINGS DENIED JULY 27, 1989 — 

*Kennedy, Lewis, Smart & Brannon, Don Smart,* for appellants. *Carr, Tabb & Pope, W. Pitts Carr, Hunter, Maclean, Exley & Dunn, Molly M. Howard, Wayne S. Racz, Karsman, Brooks, Painter & Callaway, Dana F. Braun, Bouhan, Williams & Levy, Roy E. Paul, Walter C. Hartridge, Susan B. Paul, Eric E. Huber,* for appellees.