### A90A1320. ALLEN v. BERGMAN et al.
(400 SE2d 347)

POPE, Judge.

Appellant Shirley Jean Allen, a teacher, sued the DeKalb County Board of Education and its members individually, as well as administrators Robert R. Freeman and Robert Tucker (hereinafter "defendants"), alleging that their actions in assigning her to a school more distant than the one to which she had been assigned previously violated the Georgia Equal Employment for the Handicapped Code (GEEHC) and in a second count, alleged that their actions violated her civil rights pursuant to 42 USC § 1981 and 42 USC § 1983. The trial court granted summary judgment to defendants on the count claiming violation of the GEEHC and dismissed as premature for failure to exhaust administrative remedies the section 1981 and section 1983 claims.

Before 1987, Allen worked in the DeKalb County schools intermittently as a teacher assistant and as a substitute teacher. Midway through the 1986-1987 academic year, Allen was offered and accepted a regular teaching position at Huntley Hills Elementary. Her contract for that position expired at the end of the school year. She signed a new contract for the 1987-88 school year with the DeKalb County system on June 10, 1987, without assignment to a specific school. Allen made DeKalb County authorities aware that driving was difficult for

her because of a visual problem (intermittent double vision) caused by repair in 1972 of an aneurysm she had suffered. Huntley Hills Elementary was ideal for her because it was approximately a mile from her apartment. Due to declining enrollment at Huntley Hills, DeKalb authorities had no position there to give her. Ultimately, Allen was assigned to Clifton Elementary, which was some 20 miles from her apartment. She refused to report to the school and DeKalb County dismissed her. Allen appealed her termination pursuant to OCGA § 20-2-940. It was upheld by the local board and later by the State Board of Education. Allen then appealed that decision to the superior court. However, she has never received a ruling. Meanwhile, Allen instituted the present action.

1. Allen argues the trial court erred in dismissing her 42 USC § 1981 and 42 USC § 1983 claims on the basis that she had not exhausted her administrative remedies. The trial court relied upon *Grayer v. Hagler*, 181 Ga. App. 662 (353 SE2d 545) (1987). In so ruling, the trial court erred. In *Felder v. Casey*, 487 U. S. 131 (108 SC 2302, 101 LE2d 123) (1988), the Supreme Court held that states may no longer require litigants to exhaust administrative remedies before asserting claims pursuant to 42 USC § 1981 and 42 USC § 1983 in state courts. Id. at 146-150. "Given the evil at which the federal civil rights legislation was aimed, there is simply no reason to suppose that Congress meant to provide these individuals immediate access to the federal courts notwithstanding any provision of state law to the contrary, yet contemplated that those who sought to vindicate their federal rights in state courts could be required to seek redress in the first instance from the very state officials whose hostility to those rights precipitated their injuries." (Citation and punctuation omitted.) Id. at 147. Thus, we must reverse the trial court's order dismissing Allen's claims pursuant to 42 USC § 1981 and 42 USC § 1983.

2. Allen also argues the trial court erred in granting defendants summary judgment on her claim that they violated her rights pursuant to the GEEHC. We find no error and affirm. Although Allen argues the defendants discriminated against her because of her visual problem, she has produced no evidence to show she was treated any differently from any able-bodied employee of defendants. See *Dugger v. Delta Air Lines*, 173 Ga. App. 16 (325 SE2d 394) (1984). The record shows Allen knew or should have known at the time she signed her contract for the 1987-88 school year that she would be assigned to a school other than Huntley Hills. The contract gave the school system the right to place her anywhere in the system based on the needs of the system. Defendants were under a federal court order requiring them to maintain a black/white teacher ratio consistent with the black/white student population in each school and this necessitated transfers between schools. In an effort to accommodate Allen, defend-

ants offered her opportunities for placement at two schools closer to her apartment than the school at which she ultimately was placed, but Allen did not avail herself of these opportunities. At the hearing inquiring into the propriety of her termination for not reporting to her assigned school, Allen testified she was unwilling to move from her apartment to one closer to her new school and that she would not consider taking public transportation.

"The GEEHC makes it unlawful to discriminate against handicapped employees. It does not make it unlawful to fail to discriminate in favor of handicapped employees." *Kut-Kwick Corp. v. Johnson,* 189 Ga. App. 500, 504 (376 SE2d 399) (1988). The trial court did not err in granting summary judgment to defendants on the GEEHC claim.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 26, 1990 —
REHEARING DENIED DECEMBER 11, 1990 — 

*William R. Hurst,* for appellant.
*Matthew S. Coles, Gary Sams, Smith, Gambrell & Russell, David A. Handley,* for appellees.