A91A1733. ALLEN v. BERGMAN et al.
(412 SE2d 549)

BIRDSONG, Presiding Judge.

Appellant Shirley Jean Allen appeals the order of the superior court granting summary judgment in favor of appellees/defendants as to appellant's claims under 42 USC §§ 1981 and 1983 in Count II of the complaint, which in effect dismissed her complaint. The pertinent facts of this case and appellate history appear in *Allen v. Bergman*, 198 Ga. App. 57 (400 SE2d 347) (docketed as Case No. A90A1320), wherein the court affirmed the grant of summary judgment in favor of appellees as to the claim of violation of the Georgia Equal Employment for the Handicapped Code (GEEHC), OCGA § 34-6A-1, and reversed on procedural grounds (that is, due to the absence of any existing requirement to exhaust administrative remedies before asserting claims under 42 USC § 1981 or § 1983) the trial court's order dismissing the §§ 1981 and 1983 claims. The superior court thereafter granted appellees' motion for summary judgment as to these §§ 1981 and 1983 claims. *Held*:

1. Appellant's petition for certiorari to the Supreme Court of Georgia, as to our judgment in *Allen v. Bergman*, supra at 198 Ga. App. was denied. Accordingly, this ruling is binding as precedent on all courts except the Supreme Court. Ga. Const. of 1983, Art. VI, Sec. V, Par. III.

2. Judicial notice is taken of the record and hearing transcript filed with this court in Case No. A90A1320, *Allen v. Bergman. Backus Cadillac-Pontiac v. Ernest*, 195 Ga. App. 579 (394 SE2d 367).

3. Appellant is a white woman who claims on appeal that she has been discriminated against on the basis of a handicap. Appellant also asserts without citation to any supporting evidence in either the record in this case or the record and transcript in Case No. A90A1320, which pertains to *Allen*, supra at 198 Ga. App. that: "It is submitted that a jury question is raised in the case below as to whether the treatment of appellant was intentional, and in the final analysis, race related."

(a) " 'Summary judgment law does not require the movant to show that no issue of fact remains but only that no genuine issue of material fact remains; and while there may be some shadowy semblance of an issue, the case may nevertheless be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion.' " *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 68 (4) (397 SE2d 576). Our examina-

tion of the records and transcript fails to reveal any genuine issue to support the bare allegation in appellant's brief that the treatment she received was "in the final analysis race related." Factual assertions in briefs unsupported by the record cannot be considered in the appellate process. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 847 (366 SE2d 223). Moreover, it is not the function of this court to cull the record on behalf of one party litigant in search of instances of error. *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 733 (8) (389 SE2d 251), citing *Armech Svc. Co. v. Rose Elec. Co.*, 192 Ga. App. 829, 830 (386 SE2d 709). Additionally, this court held in *Allen v. Bergman*, supra at 198 Ga. App. 58, that appellant "has produced no evidence to show she was treated any differently from any able-bodied employee of defendants." This finding per force includes a determination that appellant has not produced any evidence that she has been discriminated against on the basis of race or otherwise. As appellant has not presented any additional evidence regarding this matter since this finding, the trial court also was bound thereby.

It is now well-settled that § 1981 "affords a federal remedy against discrimination in private employment on the basis of *race*" (emphasis supplied) (*Johnson v. Ry. Express Agency*, 421 U. S. 454, 459-460 (95 SC 1716, 44 LE2d 295)), and the statute applies to all persons, including white persons (*McDonald v. Santa Fe Trail Transp. Co.*, 427 U. S. 273 (96 SC 2574, 49 LE2d 493)). Thus, § 1981 "can serve as an alternative basis for relief for plaintiffs claiming *racial* discrimination in the employment context." (Emphasis supplied.) *Baldwin v. Bellsouth Advertising &c. Corp.*, 677 FSupp. 1573, 1581 (M.D. Ga.). "Nevertheless, the fact that the prohibitions of § 1981 encompass private as well as governmental action does not suggest that the statute reaches more than purposeful discrimination, whether public or private." *General Bldg. Contractors Assoc. v. Pennsylvania*, 458 U. S. 375, 387-388 (102 SC 3141, 73 LE2d 835). In view of the lack of any genuine issue of racial discrimination, the trial court did not err in granting summary judgment as to the § 1981 claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); *Strickland*, supra.

(b) Under § 1983 civil liability is imposed upon one " 'who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities *secured by the Constitution and laws. . . .*' The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.' " *Baker v. McCollan*, 443 U. S. 137, 140 (99 SC 2689, 61 LE2d 433). Certain rights and privileges, of course, are secured to handicapped persons under the Rehabilitation Act of

1973, 29 USC 701 et seq. (Rehabilitation Act).

Examination in toto of appellant/plaintiff's complaint, as amended prior to the issuance of summary judgment (A90A1320, at pp. 4, 44), unequivocally reflects that the § 1983 claim was not grounded upon an averment that appellant had been deprived of any right, privilege, or immunity secured by the Rehabilitation Act; neither was such a contention reasonably raised by the wording of the averments contained in these documents. Rather, the basis for the § 1983 claim, like that of the § 1981 claim, was grounded on the express averment of racial discrimination and, at best, the complaint as crafted provided reasonable notice of only this limited type of § 1983 claim.

The opinion of this court in *Allen v. Bergman*, supra at 198 Ga. App. 58 (2) has disposed, adversely to the contentions of appellant, of the issue pertaining to claim of discrimination under GEEHC, which are state statutes. Moreover, GEEHC being state statutes cannot provide the basis for a § 1983 claim, as "[o]nly deprivations of rights, privileges, or immunities secured by the Constitution and laws of the United States [that is, federal statutes] are actionable." *Studen v. Beebe*, 588 F2d 560, 566 (6th Cir.); see generally *Maine v. Thiboutot*, 448 U. S. 1, 4 (100 SC 2502, 65 LE2d 555) (the § 1983 remedy broadly encompasses violations of federal statutory as well as constitutional law).

Under notice pleading procedure of the Civil Practice Act, only a short and plain statement of the claim is required; nevertheless, a complaint must give a defendant notice of the claim in terms sufficiently clear to enable him to frame a responsive pleading thereto. *Bazemore v. Burnet*, 117 Ga. App. 849, 852 (161 SE2d 924). Giving appellant/plaintiff the benefit of all reasonable inferences that can be drawn from the complaint (*Bazemore*, supra), we find that appellees were not placed on reasonable notice of any § 1983 claim grounded upon the Rehabilitation Act; and, that appellees could not reasonably frame a responsive pleading to this type of § 1983 claim. Moreover, we find that the complaint in effect was misleading as to whether the § 1983 claim was intended to be expanded so as to be grounded on any constitutional right or law other than those pertaining to racial discrimination. Thus, as would be expected, appellees' answer makes no mention of the Rehabilitation Act or otherwise addresses any claim allegedly grounded thereon. At no time prior to summary judgment does it appear that appellant sought to amend her complaint so as to correct this particular pleading deficiency. Accordingly, at the time the motion for summary judgment was granted, there existed no viable § 1983 claim grounded upon the Rehabilitation Act. This remains true notwithstanding appellant's argument in "Plaintiff's Response to the Defendants' Motion for Summary Judgment" that she

also enjoyed protection of the Rehabilitation Act, and that § 1983 provided a cognizable right of action based on this federal statute. In this regard, we need not determine whether a cognizable right of action exists as described by appellant, because she has failed to provide in the averments of her complaint reasonable notice of such claim as required by our notice pleading procedures.

Further, appellant could not amend her complaint, so as to allege a § 1983 claim grounded on the Rehabilitation Act, *after* the trial court granted summary judgment in favor of appellee as to the § 1983 claim. See generally *Ansley v. Atlanta Suburbia Estates, Ltd.*, 231 Ga. 640 (203 SE2d 861); *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 606-607 (203 SE2d 173); see *Bell v. Sellers*, 248 Ga. 424 (283 SE2d 877); *Hennessy Cadillac v. Pippin*, 197 Ga. App. 448, 449 (398 SE2d 725). Thus, the only § 1983 claim viable at the time summary judgment was granted was a claim grounded on the racial discrimination of appellant; no genuine issue exists regarding this type of claim for the reasons discussed in Division 3 (a), above. Furthermore, we must review this case in light of the posture of the record at the time of the trial court's ruling; otherwise, we would be considering the case, contrary to applicable appellate law, on a completely different basis than it appeared to the trial court. See *Bell*, supra at 426. Accordingly, the trial court did not err in granting summary judgment in favor of appellees as to the § 1983 claim.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED OCTOBER 28, 1991 —
RECONSIDERATION DENIED NOVEMBER 8, 1991 — 

*William R. Hurst*, for appellant.
*Smith, Gambrell & Russell, Matthew S. Coles, David A. Handley*, for appellees.