A96A2473. LOGAN v. TUCKER et al.

(480 SE2d 860)

BIRDSONG, Presiding Judge.

Appellant/plaintiff Tonce Logan, Sr. d/b/a Logan Photography, a Georgia business operating in Muscogee County, appeals from the order of the superior court granting summary judgment on behalf of appellees/defendants Leonard Tucker, individually, and Rekcut Photographic, Inc., a Florida corporation d/b/a Leonard's Studio. Rekcut is engaged in commercial and group photography and competes for contract awards at various schools and military bases, including Fort Benning, Georgia and Parris Island, South Carolina.

This is an action for damages; suit was filed on November 10, 1994 and process was served on December 14, 1994 on Mr. Ben George. Mr. George was an employee of Leonard's Exchange Portrait Studios, Inc. (LEPS), which is also a Florida corporation. LEPS subcontracts with Rekcut to sell and distribute photographs and yearbooks which are produced as part of Rekcut's military contracts. LEPS was dismissed from the complaint and Rekcut was added as a party on or about October 20, 1995.

The case arises from a dispute over the use of certain photographic images of United States Marine Corps (Marine Corps) training-related activities. Appellant Logan, a professional photographer, was awarded a class book supply contract with the Marine Corps at Parris Island, South Carolina. In the performance of this contract, appellant expended time and money to secure photographic images at the Marine base for use in the class books. These photographs had to be obtained without disrupting the base's training schedule. All class books contained this basic photographic work, although additional photographs of trainees were taken as each training group progressed through their training cycle. None of the cycle class books or photographs indicated the claim of a copyright thereon.

In 1988, Rekcut was awarded the contract by the Marine Corps at Parris Island, South Carolina to produce training cycle books which are sold to recruits as mementoes of their training experiences. After the contract award, the Marine Corps asked Rekcut if it would complete the production of other training cycle books which had been ordered pursuant to the contract previously awarded to appellant Logan. Rekcut was informed that Mr. Logan had failed to perform on his contracts and that he had already been paid; however, Rekcut was offered a fee to complete the Logan contract. To expedite

its production of the cycle books not delivered by appellant Logan, appellee Tucker telephonically contacted Mr. Logan at his place of business in Muscogee County and offered to purchase the original negatives of cycle-related photographs for use in the cycle books. Appellant offered the plates to appellees for $120,000. Appellee Tucker rejected this offer, as he considered it too high, but indicated appellees would respond with a counter-offer. Believing that Mr. Logan had no copyright protection, as produced cycle books bore no marking indicating a copyright claim, appellee Tucker telephonically contacted appellant's printer, Waldrup Printing, who had been hired to produce physically the book under appellant's contract. Waldrup Printing also operates its business in Muscogee County, Georgia; Mr. Andrew Waldrup is an officer of this corporation. Appellant had supplied his photographs to Waldrup Printing who made color separations therefrom which would allow the printer to include the photographic images in the books being produced. (Color separations are enlarged page and/or poster-size pictures which are made from negatives or photographs, or lithographic film which printers use to produce printing plates.) Neither Mr. Waldrup nor appellant was of the belief that the images had been sold or given to Waldrup. Waldrup elected to sell the color separations of appellant's photographs to appellee Tucker for $5,000. Before purchasing the color separations, Mr. Tucker asked and was assured by Mr. Waldrup that the color separations used in the Parris Island contracts had been prepared by and were the property of Waldrup Printing Company. Rekcut used the color separations to produce cycle books for the Marine Corps at Parris Island; neither Mr. Logan's negatives nor any other item except the Waldrup Printing Company's color separations were used to produce the booklets. There also exists some evidence that the Marine Corps offered Mr. Waldrup the opportunity to complete the Logan contract prior to the sale of the color separations. In fact, Waldrup Printing subcontracted a portion of this work to another printer. After selling the color separations, Mr. Waldrup learned there were more books to be produced under the Marine contract and contacted Mr. Tucker who agreed to complete certain printing from the color separations for Mr. Waldrup at less than Waldrup's cost. Waldrup Printing ultimately filed for Chapter 13 bankruptcy.

Appellant Logan further alleges that, prior to the sale of the images, Waldrup had negotiated a separate contract with the Marine Corps to finish supplying the books due under appellant's contract with the Corps. However rather than print the books, Waldrup hired appellee Rekcut to complete this work at a price substantially less than Waldrup's production cost. Thus it is contended that the printing of the books by Rekcut in fact was part of the negotiated price for the sale of the color separations by Waldrup to Rekcut. *Held*:

1. The applicable summary judgment standard is that of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). Contrary to appellant's contention, this standard rather than the standard applying to motions to dismiss applies in this case.

2. Appellant/plaintiff averred in his complaint a claim of wrongful conversion of personal property without any averment of resulting personal injury. OCGA § 9-3-32 provides as follows: "Actions for the recovery of personal property, or for damages for the conversion or destruction of the same, shall be brought within four years after the right of action accrues." As a general rule, a right of action for wrongful conversion accrues on the date of the conversion. *Harper v. Jones*, 103 Ga. App. 40, 41 (118 SE2d 279); *Therrell v. Georgia Marble &c. Corp.*, 960 F2d 1555, 1560 (2) (11th Cir.). More than four years has expired since the date of the alleged wrongful conversion and the filing of the complaint.

Appellant contends, nevertheless, that the statute of limitation has not expired in this case because wrongful conversion of personal property is a continuing tort. However, in the absence of personal injury, the continuing tort theory does not apply in actions involving wrongful conversion of personal property. See *Corp. of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365 (2) (368 SE2d 732); *Citizens &c. Trust Co. v. Phillips &c. Co.*, 192 Ga. App. 499 (1) (385 SE2d 426); see also *Hanna v. McWilliams*, 213 Ga. App. 648, 649 (2) (a) (446 SE2d 741); compare *Therrell*, supra at 1561 (4) (concluding that the rule announced in *Mercer*, supra, was controlling in a conversion case). The claim of wrongful conversion averred in appellant/plaintiff's complaint was barred by the four-year statute of limitation in OCGA § 9-3-32.

3. In its order, the trial court noted that appellant/plaintiff "does not appear to specifically claim a copyright violation in his pleadings." We agree. Examination of the original complaint, the amended complaint and the first amended complaint filed in this case reveals that the only claim averred of which appellees were placed on reasonable notice was that of wrongful conversion. "Under notice pleading procedure of the Civil Practice Act, only a short and plain statement of the claim is required; nevertheless, a complaint must give a defendant notice of the claim in terms sufficiently clear to enable him to frame a responsive pleading thereto." *Allen v. Bergman*, 201 Ga. App. 781, 783 (3) (b) (412 SE2d 549); *Bazemore v. Burnet*, 117 Ga. App. 849, 852 (161 SE2d 924). "Giving appellant/plaintiff the benefit of all reasonable inferences that can be drawn from the complaint [cit.], we find that appellees were not placed on reasonable notice" (*Allen*, supra at 783) of any claim grounded upon either a common law or federal statutory copyright violation. Neither were appellees placed on reasonable notice of any claim grounded upon breach of

implied contract such as was averred in *Wilson v. Barton & Ludwig, Inc.*, 163 Ga. App. 721, 722 (1) (296 SE2d 74).

Additionally, any available state remedy currently existing for a common law copyright violation, under the facts and pleadings here attendant, would have been limited to that of a claim for wrongful conversion under OCGA § 9-3-32; as discussed in Division 2 above, such a claim is barred due to the expiration of the four-year statute of limitation. Moreover, this Court held in *Monumental Prop. &c. v. Frontier Disposal*, 159 Ga. App. 35, 37 (2) (282 SE2d 660) that "[w]hile our court has referred to a so-called 'common law copyright' in *Jones v. Spindel*, 128 Ga. App. 88 (196 SE2d 22) [ ]; *Jones v. Spindel*, 122 Ga. App. 390 (177 SE2d 187) [ ]; *Jones v. Spindel*, 113 Ga. App. 191 (147 SE2d 615) [ ], we find no authority therefor." See also *Wright v. Tidmore*, 208 Ga. App. 150 (430 SE2d 72).

As the claims which appellant asserts either have not been adequately raised by the pleadings or have been barred by expiration of the applicable statute of limitation, the trial court did not err in granting summary judgment to appellees/defendants. " '(A) grant of summary judgment must be affirmed . . . if it is right for any reason.' " *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746).

*Judgment affirmed. Beasley and Blackburn, JJ., concur.*

DECIDED JANUARY 17, 1997 —
RECONSIDERATION DENIED JANUARY 30, 1997.

*Agnew, Schlam & Bennett, G. Michael Agnew*, for appellant.
*Hatcher, Stubbs, Land, Hollis & Rothschild, James E. Humes II*, for appellees.

