## A01A1606. TIDWELL v. TIDWELL.
(554 SE2d 822)

PHIPPS, Judge.

In this action to recover title to a car, the trial court determined that the statute of limitation for conversion barred the claim and granted summary judgment to Alvertia Tidwell. Marion Tidwell (Tidwell) appeals, contending that the ground upon which summary judgment was granted had not been asserted and that, therefore, he did not have full and fair notice and opportunity to controvert it. While the record is insufficient to review that contention, it does show that the claim was barred by the statute of limitation. We therefore affirm.

Tidwell was a minor when his father died and his grandmother, Alvertia Tidwell, was appointed as his guardian. While serving as guardian, his grandmother purchased an automobile with Tidwell's funds. In 1992, when Tidwell reached the age of 18, his grandmother filed a final return with the probate court, listing the car as an asset in the estate. Tidwell certified that the return was correct and relieved his grandmother of further liability or accounting. In November 1992, the probate court discharged Tidwell's grandmother as guardian and granted letters of dismission to her.

In October 1996, Tidwell filed in probate court a petition for a full accounting. As amended, it alleged that his grandmother had fraudulently converted estate property during the guardianship and sought to have the judgment granting the letters of dismission set aside pursuant to OCGA § 9-11-60 (d). The court denied the motion and dismissed the petition, and we denied Tidwell's subsequent application for discretionary appeal.

In March 2000, Tidwell filed a "complaint in equity" in superior court alleging, among other things, that his grandmother had refused to transfer title to the automobile to him. She answered, asserting various defenses including res judicata and the statute of limitation. She then filed a motion for summary judgment, arguing that Tidwell was required to assert any such claim in the 1992 pro-

bate court action and therefore the claim was barred by res judicata. After a hearing, the court granted summary judgment to Tidwell's grandmother on the ground that the matter was an action for conversion barred by the four-year statute of limitation.

On appeal, Tidwell contends that the trial court did not have authority sua sponte to grant summary judgment on that ground, arguing that it had not been asserted and that he had not been afforded full and fair notice and an opportunity to be heard on it.

> Although our law concerning motions for summary judgment allows a trial court to grant, sua sponte, a summary judgment, a trial court's authority to do so is not unlimited. The grant of summary judgment must be proper in all other respects. This means that in addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment. The crucial point is to insure that the party against whom summary judgment is sought has had a full and final opportunity to meet and attempt to controvert the assertions against him.[1]

The parties dispute whether the defense of the statute of limitation for conversion was argued at the hearing. Tidwell acknowledges that no transcript was made of the hearing. Without a transcript, we cannot determine that error has been committed as asserted by Tidwell, who has the burden of showing error affirmatively by the record.[2] Under these circumstances, we presume that the trial court's ruling was proper.[3]

Tidwell further claims that summary judgment should not have been granted because his claim was not one of conversion, but a "complaint in equity." The gravamen of Tidwell's cause of action was that his grandmother wrongfully retained title to a car that belonged to him. "[C]onversion consists of an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the per-

---

[1] (Citations, punctuation and emphasis omitted.) *Aycock v. Calk*, 222 Ga. App. 763-764 (476 SE2d 274) (1996).

[2] *Famble v. State Farm Ins. Co.*, 204 Ga. App. 332, 336 (4) (419 SE2d 143) (1992); see also *Patriot Gen. Ins. Co. v. Millis*, 233 Ga. App. 867, 871 (3) (506 SE2d 145) (1998).

[3] See *Patriot Gen. Ins. Co.*, supra; *Famble*, supra. Compare cases where the record demonstrated that the ground was not asserted, and this court concluded that appellants had not had a full and fair opportunity to meet and controvert assertions against them, e.g., *Dixon v. MARTA*, 242 Ga. App. 262, 266 (3) (529 SE2d 398) (2000); *Sumner v. Dept. of Human Resources*, 225 Ga. App. 91, 93 (2) (483 SE2d 602) (1997); *Aycock*, supra at 764.

sonal property of another inconsistent with his rights; or an unauthorized appropriation. [Cit.]"[4] Thus, Tidwell's underlying claim against his grandmother was properly characterized as one of conversion and became viable when the grandmother engaged in an act of dominion hostile to his ownership rights.[5] In its order that the four-year statute of limitation for conversion barred Tidwell's March 2000 claim,[6] the trial court correctly found that the conversion occurred as early as 1992, when the grandmother failed to transfer title to the car to Tidwell.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 11, 2001.

*Gwendolyn F. Waring*, for appellant.
*Robert E. Falligant, Jr.*, for appellee.

---

[4] (Punctuation omitted.) *Gibbs v. Dodson*, 229 Ga. App. 64, 68-69 (2) (492 SE2d 923) (1997).
[5] See id.
[6] See OCGA § 9-3-32; *Logan v. Tucker*, 224 Ga. App. 404, 406 (2) (480 SE2d 860) (1997).