A93A1747. JOSEPH LAND & COMPANY, INC. v.
CHRISTOPHER EDWARDS COMPANIES, INC.
(440 SE2d 234)

POPE, Chief Judge.

On or about May 1, 1991, Christopher Edwards Companies, Inc. ("Edwards") sold 1,980 cases of lemon meringue pie to San Juan Supply Corporation for ultimate delivery to Burger King Corporation. The pies were shipped from the Edwards' facility in Atlanta, Georgia, to Jacksonville, Florida, via a truck owned by Joseph Land & Company ("Land"). The bill of lading required the cargo to be maintained between zero and ten degrees. Upon arrival in Jacksonville, it was determined that the temperature of the cargo area of the truck was 65 degrees. The pies were returned to Atlanta where they were rejected by Edwards. Edwards later filed suit to recover the value of the pies.

In its complaint, Edwards set forth a state law negligence claim against Land. In its motion for summary judgment, Edwards argued that OCGA § 46-9-1 requires common carriers to exercise extraordinary diligence in transporting goods and Land had failed to exercise such diligence. After Land agreed to stipulate to liability but not damages, the trial court issued an order granting Edwards summary judgment as to liability and a hearing on the issue of damages was set. After conducting a bench trial on the issue of damages the trial court found in favor of Edwards and awarded it damages in the amount of $30,231.44 in principal and $4,982.14 in interest. Following denial of its motion for new trial, Land appeals.

For the first time on appeal, Land raises the argument that the Carmack Amendment to the Interstate Commerce Act, 49 USC § 11707 (a) (1) provides the exclusive remedy of an interstate shipper

against a common carrier for damages to goods. It is well settled that the Carmack Amendment pre-empts state law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading. *Underwriters at Lloyds of London v. North American Van Lines*, 890 F2d 1112, 1113 (10th Cir. 1989); *Intech, Inc. v. Consolidated Freightways*, 836 F2d 672, 677 (1st Cir. 1987); *Hughes v. United Van Lines*, 829 F2d 1407, 1412-1415 (7th Cir. 1987), cert. denied, 485 U. S. 913 (108 SC 1068, 99 LE2d 248) (1988); and cases cited therein. Parties cannot waive application of the Carmack Amendment and elect to proceed under state law remedies. *Hughes*, 829 F2d at 1415. Our review of the record reveals that the applicability of the Carmack Amendment was never raised below and the trial court did not have an opportunity to properly consider this case in light of this controlling federal law. For this reason we must vacate the judgment of the trial court and remand this case for consideration under the Carmack Amendment and further proceedings consistent with this opinion.

*Judgment vacated and remanded. Birdsong, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 23, 1993.

*Casey, Gilson & Williams, Matthew D. Williams*, for appellant.
*Sullivan, Hall, Booth & Smith, Jack G. Slover, Jr., Jeffrey T. Wise*, for appellee.