A02A1876. EDWARDS BROS., INC. v. OVERDRIVE LOGISTICS, INC.

(581 SE2d 570)

MIKELL, Judge.

Edwards Bros., Inc. ("Edwards Bros.") appeals the trial court's grant of summary judgment to Overdrive Logistics, Inc. ("Overdrive") on its breach of contract claim. We affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the evidence shows that Overdrive, a federally licensed transportation broker, and Edwards Bros., a trucking company, were parties to a brokerage contract, in which Overdrive agreed to "tender a series of shipments to [Edwards Bros.] who agrees to transport the shipments by providing motor vehicles . . . designed to meet the distinct needs of [Overdrive] and/or its shipper(s)." Robinson & Harrison Poultry Company, Inc. ("Robinson"), contracted with Overdrive to arrange for a load of Robinson's processed chicken to be shipped from Georgia to California. Overdrive retained Edwards Bros. to pick up, transport, and deliver the chicken.

The shipment of chicken was rejected by the consignee in California because the product was delivered above the required temperature. Bill Savage, a broker employed by Robinson, testified by affidavit that the chicken was sold to other buyers at a loss to Robinson of $21,552.97, so Robinson submitted a claim to Edwards Bros. for the loss. Edwards Bros. paid Robinson $16,876.74 for the damage to the shipment. After settling the claim, Savage learned that Edwards Bros. and Overdrive allegedly concealed the fact that the reason that the chicken was delivered above temperature to the consignee was because Edwards Bros.' truck "broke down" en route to California. Because Robinson had not been fully compensated for its loss, it decided to withhold the balance of the loss on the chicken from its July, 2000, payment to Overdrive.

Overdrive brought an action against Edwards Bros. and Robinson, jointly and severally, seeking damages against Edwards Bros. for breach of contract, or in the alternative, pursuant to the Carmack Amendment, and against Robinson for fraud, breach of contract,

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

open account, and bad faith. Several motions for summary judgment were filed.[2] The sole issue in this appeal is the grant of summary judgment to Overdrive on its breach of contract claim against Edwards Bros., the trucking company.

1. The thrust of Edwards Bros.' appeal is that Overdrive's breach of contract claim was preempted by the Carmack Amendment, 49 USC § 14706. We disagree.

The Carmack Amendment provides, in relevant part:

A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation. . . . That carrier and any other carrier that delivers the property and is providing transportation or service . . . *are liable to the person entitled to recover under the receipt or bill of lading*. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States.[3]

Our Supreme Court has held that the Carmack Amendment's purpose is to provide a means by which the shipper can

hold liable the initial carrier, engaged in interstate commerce and receiving property for transportation from a point in one State to a point in another State, for through carriage to the point of destination, using the lines of connecting carriers as its agents, and to deny to the initial carrier its former right to make a contract limiting its liability to its own line. Its main purpose is to secure the rights of the shipper by securing unity of transportation with unity of responsibility.[4]

In this action, the broker, Overdrive, rather than the shipper, Robinson, is seeking to recover damages from the carrier, Edwards Bros.,

---

[2] Edwards Bros. filed a motion for summary judgment, arguing that under the Carmack Amendment, Overdrive did not have standing to pursue an action against Edwards Bros. because it did not own the shipment, and that Robinson released Edwards Bros. from liability. Edwards Bros. filed a second motion for summary judgment arguing that the Carmack Amendment preempted Overdrive's claim for breach of contract. The trial court denied both motions. Overdrive filed a motion for summary judgment against Robinson, arguing breach of contract, which the trial court also denied. The trial court also denied Overdrive's motion for attorney fees against Robinson.

[3] (Emphasis supplied.) 49 USC § 14706 (a) (1).

[4] (Citations and punctuation omitted.) *Central of Ga. R. Co. v. Council*, 163 Ga. 494, 500 (136 SE 418) (1927).

pursuant to the brokerage contract between Overdrive and Edwards Bros. Overdrive is not seeking damages under the bill of lading, the provisions of which are fixed as the contract under the Carmack Amendment.[5] Because the Carmack Amendment was enacted to protect the rights of shippers suing under a receipt or bill of lading, not brokers, it does not preempt Overdrive's breach of contract claim in this case.[6] Accordingly, the dispute between Overdrive and Edwards Bros. is governed by their brokerage contract.

The terms of the brokerage contract are not in dispute. Edwards Bros. agreed to transport shipments tendered by Overdrive in vehicles designed to meet the distinct needs of Overdrive's shippers. The contract also provided that "[Edwards Bros.] will be liable to [Overdrive] and/or shipper for any loss or damage." Edwards Bros. admits that the shipment was rejected by the consignee and that it paid Robinson $16,876.74 for the damage to the shipment. There is no dispute that Robinson set off $4,794 against monies it owed Overdrive, claiming that the amount represented the balance of its loss from the shipment. Consequently, Overdrive incurred a loss because the shipment of chicken was damaged during transport and rejected by the consignee. Thus, we agree with the trial court that no issues of fact remain as to Edwards Bros.' breach of the brokerage contract.

2. Edwards Bros. argues that the trial court's grant of summary judgment on liability on Overdrive's breach of contract claim permits a double recovery. This argument, which presumes that the jury will award Overdrive the damages it seeks from both Edwards Bros. and Robinson, is premature. Several issues, including damages, remain for the jury's determination in this case.[7] Accordingly, this enumeration provides no basis for reversal.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

---

[5] *Seaboard Air Line R. Co. v. Henry Chanin Corp.*, 84 Ga. App. 442, 445 (1) (66 SE2d 113) (1951).

[6] Though it does not apply here, the Carmack Amendment would preempt a breach of contract claim by Robinson against Edwards Bros. for the loss to the shipment. "It is well settled that the Carmack Amendment pre-empts state law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading." (Citations omitted.) *Joseph Land & Co. v. Christopher Edwards Cos.*, 211 Ga. App. 597, 598 (440 SE2d 234) (1993). Accord *Adams Express Co. v. Croninger*, 226 U. S. 491, 505 (33 SC 148, 57 LE 314) (1913); *US-1 Van Lines of Ga. v. Ho*, 240 Ga. App. 417, 418 (2) (523 SE2d 643) (1999).

[7] In the event the issue of Overdrive's double recovery arises at trial, we caution that "[d]amages are given as compensation for the injury done. There can be but one satisfaction of the same damage or injury." (Citation and punctuation omitted.) *Saunders, Stuckey & Mullis v. Citizens Bank &c. Co.*, 265 Ga. 453, 456 (458 SE2d 337) (1995).

DECIDED MARCH 13, 2003.

*Dennis, Corry & Porter, Michael D. DeFrank, Scott W. McMickle,* for appellant.

*Mitchell & Associates, Bruce E. Mitchell, Thomas A. Soderberg, Nall & Miller, Michael D. Hostetter,* for appellee.