A96A1249. CLARK et al. v. MESSER INDUSTRIES, INC.
(475 SE2d 653)

BEASLEY, Chief Judge.

Messer Industries, Inc., sued Georgia International Express, Inc. (GIE), and GIE's president Clark, for breach of contract and conversion. Clark and GIE appeal the trial court's grant of Messer's motion for summary judgment on the issue of liability.

GIE, a motor common carrier, approached Messer and asked

whether it could transport any goods to Messer's customer, The Home Advantage, Inc. As a result, Messer placed certain goods with GIE for shipment from Messer's place of business in South Carolina to Home Advantage in Florida. GIE refused to deliver the goods to Home Advantage in accordance with the bill of lading, or to return the goods to Messer, because of unpaid shipping charges incurred by Home Advantage in prior unrelated transactions. GIE's refusal was based on its assertion that title to the goods passed to Home Advantage upon delivery to GIE for shipment. Messer brought this action based on the assertion that it retained title to the goods during transport because it had paid the freight charges to GIE.

1. The court did not err in granting Messer's motion for summary judgment on the issue of liability.

It is undisputed that Messer, Home Advantage, and GIE agreed that seller Messer was responsible for the payment of freight charges. Where this is so, the seller is in effect required to deliver the goods to the buyer. Under such circumstances, title passes to the buyer on tender at destination "[u]nless otherwise explicitly agreed." OCGA § 11-2-401 (2) (b); see also OCGA § 11-2-509 (1) (b).

GIE maintains that title passed to Home Advantage at the place of shipment based on a pre-printed term on the reverse side of the customer shipping order which stated that the shipment was "F.O.B. shipping point." "Unless otherwise agreed," the term "F.O.B. the place of shipment" means that the seller must at that place ship the goods and bear the expense and risk of putting them into the possession of the carrier. OCGA § 11-2-319 (1) (a). It is uncontested that it was otherwise agreed between all parties that the seller bore the expense, not of putting the goods in the possession of the carrier, but rather of transporting the goods to the place of destination. Consequently, the terms of the delivery were in fact "F.O.B. the place of destination." See OCGA § 11-2-319 (1) (b).

Defendants argue that Messer was not entitled to partial summary judgment because of evidence that Home Advantage has settled its dispute with GIE and paid the invoices for these goods. This raises issues concerning damages, which are not before us because this is an appeal from the grant of summary judgment on the issue of liability.

2. We find no merit in defendants' argument that plaintiff's state remedies have been preempted by the Carmack Amendment to the Interstate Commerce Act. 49 USC § 11706 (formerly 49 USC § 11707).

"It is well settled that the Carmack Amendment pre-empts state law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading. [Cits.]" *Joseph Land & Co. v. Christopher Edwards Cos.*, 211 Ga. App. 597, 598 (440 SE2d

234) (1993); see *Hughes v. United Van Lines*, 829 F2d 1407, 1412 (3) (7th Cir. 1987). However, the Carmack Amendment does not preempt other state remedies. *Sokhos v. Mayflower Transit*, 691 FSupp. 1578, 1581 (1) (D. Mass. 1988). Here, the shipper is not suing the carrier for lost or damaged goods but for a wrongful retention of the goods and for breach of a contract which the carrier allegedly entered into with the shipper without any intent to perform.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 12, 1996 —
RECONSIDERATION DENIED AUGUST 27, 1996.

*Robert H. McDonnell*, for appellants.

*Deming, Parker, Hoffman, Green & Campbell, William J. Schneider, John F. Connolly*, for appellee.