## A99A0973. US-1 VAN LINES OF GEORGIA, INC. v. HO.
(523 SE2d 643)

BARNES, Judge.

US-1 Van Lines of Georgia, Inc. ("US-1") appeals from a default judgment in the amount of $18,000 for actual damages and $8,094 for litigation costs, including attorney fees. In this appeal, US-1 contends the trial court (1) abused its discretion when it denied US-1's request for a continuance of the non-jury trial on damages, and (2) improperly awarded attorney fees to the plaintiff. For the reasons that follow, we affirm.

1. In its first enumeration of error, US-1 contends the trial court abused its discretion when it denied its request for a continuance. We disagree.

The record shows that on June 29, 1998, the plaintiff filed a renewal complaint against US-1 seeking (1) damages for injury to the plaintiff's goods that were transported by US-1 and (2) damage to the wood flooring in the plaintiff's new home that occurred when US-1 delivered the plaintiff's personal property. When US-1 failed to timely answer the complaint, the plaintiff moved for entry of a default judgment and a trial on the amount of damages. On October 1, 1998, the trial court notified US-1 that it was required to appear for a non-jury trial on November 5, 1998. On the day of the trial, an employee of US-1, who was not an attorney, appeared on behalf of the corporation, requested a continuance, and submitted a letter from the corporation's president that also asked for a continuance. In this letter, US-1's president advised the court that it needed a continuance because its attorney was unavailable to appear for the trial because he was representing another client in another court building. The record, however, shows that this attorney withdrew from his representation of US-1 before the first complaint was dismissed without prejudice. Because the corporation was not represented by an attorney as required by *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 803-806 (2) (485 SE2d 22) (1997), the trial court proceeded with the trial as if no one had appeared on behalf of the corporation.

Because we find the trial court properly applied the Supreme Court's holding in *Eckles*, it did not abuse its discretion when it refused to grant a continuance. In *Eckles*, the Supreme Court prohibited laypersons from serving as unlicensed attorneys for corporations in courts of record because it would be contrary to the public interest. Id. at 805. This means that US-1's alleged attorney should have entered an appearance and moved for a continuance on its behalf, not a corporate employee.

If the trial court had granted the request of a layperson for a continuance, it would have allowed the unauthorized practice of law prohibited by our Supreme Court in *Eckles*. As a result, the trial court

properly refused to consider a non-attorney's request for a continuance. See *Congress Re-Ins. Corp. v. Archer-Western Contractors*, 226 Ga. App. 829, 831 (1) (487 SE2d 679) (1997) (corporation's president cannot file answer on behalf of the corporation in a court of record).

We further note that the letter from US-1's president demonstrates that it received the October 1, 1998 trial calendar notice and that it had over a month to retain an attorney to represent it. The fact that US-1's alleged attorney failed to appear at the damages trial or properly seek a continuance makes it appear as though he did not actually represent US-1 in the renewed action, particularly since he had previously withdrawn from his representation of US-1. Thus, US-1's request for a continuance may have been nothing more than a delay tactic. A trial court's denial of a continuance is proper when the defendant negligently fails to employ counsel promptly or where it appears the defendant is using the tactic for delay. *Daughtry v. State*, 225 Ga. App. 45, 46 (1) (482 SE2d 532) (1997).

2. In its remaining enumeration of error, US-1 contends 49 USCA § 14706 (the "Carmack Amendment") preempts the trial court's award of attorney fees under state law. US-1 argues that since the plaintiff's complaint "clearly arises under the Carmack Amendment, and because attorney's fees may not be granted in any such case, the trial court's grant of attorney's fees to appellee must be reversed."

While it is true that the Carmack Amendment preempts state law claims for damage to property transported by a motor carrier in interstate commerce under a bill of lading, *Martin v. North American Van Lines*, 226 Ga. App. 187, 188 (1) (485 SE2d 815) (1997), it does not preempt claims for other kinds of damage caused by the motor carrier. Id. (claim for fraud based on failure to honor guaranteed price not preempted by Carmack Amendment); see also *Clark v. Messer Indus.*, 222 Ga. App. 606, 608 (2) (475 SE2d 653) (1996) (Carmack Amendment does not preempt claim for wrongful retention of goods and breach of contract).

In this case, the trial court awarded actual damages for injury to the plaintiff's goods that were transported by US-1 *and* damage to the wood flooring in the plaintiff's new home. It also made a separate award of costs, including attorney fees, under OCGA § 13-6-11. Because no transcript of the non-jury trial on damages was included in the record for our review, we cannot determine whether the trial court awarded attorney fees spent prosecuting the entire complaint or only the portion relating to the wood flooring damage. Since the latter is not preempted by the Carmack Amendment and we are obligated to assume the evidence supported the trial court's findings in the absence of a transcript, we find no merit in this enumeration of error. See *Gary v. Weiner*, 233 Ga. App. 284, 285 (1) (503 SE2d 898)

(1998); *Hulsey Pool Co. v. Troutman*, 167 Ga. App. 192, 194 (2) (306 SE2d 83) (1983).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur in the judgment only.*

DECIDED OCTOBER 19, 1999.

*Mitchell & Associates, Bruce E. Mitchell, John F. Blount,* for appellant.

*Cork & Cork, Patrick C. Cork,* for appellee.