A03A2060. DEPARTMENT OF HUMAN RESOURCES v. NATION.
(594 SE2d 383)

BLACKBURN, Presiding Judge.

This appeal follows the grant of the Georgia Department of Human Resources' ("DHR") application for interlocutory appeal of the trial court's denial of its motion for summary judgment. The underlying renewal action[1] involves a case[2] originally brought under

---

[1] OCGA § 9-2-61 (a).

[2] Defendant Dr. James B. Knowles' motion to dismiss was granted by the trial court and was not appealed by L. C. Nation. Dr. Knowles is not a party to this appeal.

the Georgia Tort Claims Act[3] ("GTCA") by L. C. Nation ("Nation"), for injuries received while a patient in a DHR institution. This appeal raises issues of the application of the law under the Georgia renewal statute, when applied to the strictly construed provisions of the GTCA. DHR contends that in order to perfect service under the GTCA, the Attorney General must be served with the complaint. The failure to serve the Attorney General results in an invalid case and no waiver of sovereign immunity under the GTCA.

DHR further contends that an invalid case cannot be renewed under the Georgia renewal statute. DHR argues that in denying its motion for summary judgment, the trial court erred in holding: (1) that Nation exercised reasonable diligence in perfecting service on DHR in the original action, notwithstanding the fact that service was never perfected prior to the dismissal of that case, and (2) that Nation substantially complied with the service requirements of the GTCA in the original action by serving the Attorney General with the renewal action, after the original action had been dismissed.

The GTCA specifically requires service upon the Attorney General in order to perfect service and waive sovereign immunity. It is undisputed that Nation failed to serve the Attorney General in the original case prior to voluntarily dismissing that action. Nation did ultimately serve the Attorney General with a copy of the subsequently filed renewal action only. The original action had been filed on the last date on which it could have been filed under the statute of limitation, and no time remained thereafter in which an action could have been filed, except under the provisions of the renewal statute.

DHR asserts that because service was never perfected in the original case prior to its being dismissed, the strict service requirements of the GTCA had not been met, and an invalid action resulted. DHR argues that an invalid action may not be renewed under the provisions of the renewal statute. Nation contends, and the trial court ruled in denying DHR's motion for summary judgment, that notwithstanding the failure to perfect service of the original action on the Attorney General, the ultimate service of the renewal action upon him was in substantial compliance with the GTCA.

Therefore, DHR concludes the renewal action could not be treated as an original action, as it was filed outside the statute of limitation, and the court lacked subject matter jurisdiction.

Because service had never been perfected in the original action, and it was thus an invalid action for purposes of the renewal statute, DHR argues that the trial court erred in denying its motion for summary judgment in Nation's renewal action. We agree and reverse.

---

[3] OCGA § 50-21-20 et seq.

"Appellate review of the denial of a motion for summary judgment requires that the facts be viewed in the light most favorable to the nonmoving party. Issues of law are reviewed de novo." (Citation omitted.) *Wickliffe v. Wickliffe Co.*[4]

As is relevant here, the record reflects that in October 1998, Nation was admitted for treatment to the Roosevelt-Warm Springs Institute for Rehabilitation (the "Institute"), which was operated by the Georgia Department of Human Resources. It is undisputed that the date of Nation's loss was November 11, 1998, when he fell out of his wheelchair and was injured. Nation contends that his injuries resulted from the negligence of various medical providers at the Institute.

Ante litem notice was sent by Nation to the Executive Director of the Institute, but not to DHR, and to the Department of Administrative Services on November 4, 1999, within 12 months of the date of loss. DHR contends that the GTCA required ante litem notice be sent to DHR, which was not done. The statute of limitation for personal injury claims is two years.[5] Nation timely filed suit against DHR in the Superior Court of Meriwether County on November 13, 2000,[6] the last permissible date for filing. Nation did not serve the Attorney General with a copy of the original action prior to the dismissal of that case.

DHR answered, raising inter alia, the failure of Nation to comply with the mandatory service requirements of the GTCA, including service upon the Attorney General of Georgia, and Nation's failure to give ante litem notice to DHR. DHR also contends that Nation's complaint is barred as an original action as the court lacks subject matter jurisdiction due to the expiration of the statute of limitation.

DHR filed a motion for summary judgment on February 23, 2001, arguing that no ante litem notice had been given to DHR, the entity Nation intended to sue, and which he contended was liable for his injuries. DHR also raised the failure of Nation to comply with the strict service requirements of the GTCA, including service of the complaint on the Attorney General in the original action, which resulted in an invalid case, which could not be renewed.

On April 5, 2001, prior to a hearing on DHR's motion for summary judgment, Nation voluntarily dismissed his action without prejudice. On October 8, 2001, Nation filed the present action as a renewal action under OCGA § 9-2-61, and served the Attorney General with a copy of the renewal action.

[4] *Wickliffe v. Wickliffe Co.*, 227 Ga. App. 432, 435 (2) (489 SE2d 153) (1997).
[5] OCGA §§ 9-3-33; 50-21-35.
[6] OCGA § 1-3-1 (d) (3).

DHR again filed a motion for summary judgment. The trial court denied the motion on April 6, 2002, and this interlocutory appeal followed.

1. DHR argues that the trial court erred in denying its motion for summary judgment because Nation's failure to comply with the provisions of the GTCA prior to the dismissal of his original action prevented the renewal of the action under OCGA § 9-2-61.

Under OCGA § 9-2-61 (a),

> [w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later.

"However, the pending action must have been a valid action that is subject to renewal. A void action cannot be renewed after the statute of limitation has run." (Citations omitted.) *Sylvester v. Dept. of Transp.*[7] Our Supreme Court has held that the original suit is void if service is not perfected because the filing of the complaint without perfecting service does not constitute a pending suit. See *Hobbs v. Arthur*;[8] *Osborne v. Hughes*;[9] *Hudson v. Mehaffey*;[10] *Clark v. Dennis.*[11]

In passing the GTCA,

> [t]he General Assembly granted a limited waiver of sovereign immunity with certain conditions precedent to the waiver; the state waives its sovereign immunity only to the extent and in the manner provided in this article. . . . Substantial compliance with the Act is inadequate to waive sovereign immunity. . . . If a condition precedent to waiver of sovereign immunity has not been satisfied, then the trial court lacks subject matter jurisdiction and no valid action is pending to toll the running of the statute of limitation.

(Punctuation omitted.) *Sylvester*, supra at 32.

Among the conditions precedent to bringing an action under the

---

[7] *Sylvester v. Dept. of Transp.*, 252 Ga. App. 31, 33 (555 SE2d 740) (2001).
[8] *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994).
[9] *Osborne v. Hughes*, 200 Ga. App. 558, 559 (409 SE2d 58) (1991).
[10] *Hudson v. Mehaffey*, 239 Ga. App. 705 (521 SE2d 838) (1999).
[11] *Clark v. Dennis*, 240 Ga. App. 512 (522 SE2d 737) (1999).

GTCA are those set forth in OCGA § 50-21-35. That statute provides, in pertinent part, that

> [i]n all civil actions brought against the state under this article, *to perfect service of process* . . . [a] copy of the complaint, showing the date of filing, shall also be mailed to the Attorney General at his or her usual office address, by certified mail or statutory overnight delivery, return receipt requested and there shall be attached to the complaint a certificate that this requirement has been met.

(Emphasis supplied.)

In this case, there is no evidence in the record that Nation caused a copy of the complaint to be served on the Attorney General or that the required certificate, showing that the Attorney General was served, was attached to the complaint. Thus, Nation's service of process was deficient. *Howard v. State of Ga.*[12] Nation asserts in his brief that he served the Attorney General's office on October 12, 2001, but such service, occurring after the dismissal of his original action, would not cure the deficient service in the original action, as it had previously been dismissed.

Because Nation failed to perfect service in the original action pursuant to OCGA § 50-21-35 by strictly complying with the conditions precedent of service on the Attorney General and of attaching the required certificate to the complaint, "there was no valid pending action that could be renewed after the running of the statute of limitation in this action, and [DHR] was entitled to summary judgment as a matter of law." *Sylvester*, supra at 33.

Because Nation did not strictly comply with a condition precedent to the State's waiver of sovereign immunity, the trial court lacked subject matter jurisdiction in this case. We note that DHR did not raise the affirmative defense of insufficiency of service of process in its first pleading in the original action. Under OCGA § 9-11-12 (h), a defense of insufficiency of service of process is waived if it is not included in a party's first responsive pleading to a complaint.

We are dealing here, however, not with insufficiency of service of process as an affirmative defense under the Civil Practice Act, but rather with insufficiency of service of process as a condition precedent to DHR's waiver of sovereign immunity. "If a condition precedent to waiver of sovereign immunity has not been satisfied, then the trial court lacks subject matter jurisdiction and no valid action is pending to toll the running of the statute of limitation." *Sylvester*, supra at 32. "Subject-matter jurisdiction is established by our laws,"

---

[12] *Howard v. State of Ga.*, 226 Ga. App. 543, 545, n. 3 (487 SE2d 112) (1997).

in this case the GTCA, "and there is nothing parties to a suit can do to give a court jurisdiction over a matter that has not been conferred by law." (Punctuation omitted.) *Dempsey v. Bd. of Regents &c. of Ga.*[13] Thus, "[m]atters concerning subject matter jurisdiction are not waived for failure to raise them below. 'The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it.'" (Citation omitted.) *Bush v. State.*[14] Under the GTCA, the State cannot waive sovereign immunity except as provided therein, including compliance with the statutory conditions precedent to such waiver.

This court has consistently held that substantial compliance with the requirements of the GTCA is inadequate under the Act. See *Dempsey*, supra. The trial court erred in holding that service of the renewal action upon the Attorney General after the original action had been dismissed, without service of the original complaint, constituted substantial compliance with the service requirements of the GTCA.

2. DHR's remaining enumerations of error are rendered moot by our holding in Division 1.

3. Nation asserts that summary judgment was properly denied because a motion for summary judgment is not the proper vehicle for a plea of abatement. We disagree. The statute of limitation "is an affirmative defense . . . which asserts a bar to recovery and not merely the abatement of an action. Accordingly, [the statute of limitation] goes to the merits of a recovery and is a proper issue for disposition by motion for summary judgment." (Citation omitted.) *City of Atlanta v. Chambers.*[15]

*Judgment reversed. Ellington and Phipps, JJ., concur.*

DECIDED JANUARY 16, 2004 —
RECONSIDERATION DENIED FEBRUARY 5, 2004.

*Thurbert E. Baker, Attorney General, Page, Scrantom, Sprouse, Tucker & Ford, Deron R. Hicks, James A. Balli*, for appellant.
*Jeffrey W. Frazier, Christopher A. Frazier*, for appellee.

---

[13] *Dempsey v. Bd. of Regents &c. of Ga.*, 256 Ga. App. 291, 292 (568 SE2d 154) (2002).
[14] *Bush v. State*, 273 Ga. 861 (548 SE2d 302) (2001).
[15] *City of Atlanta v. Chambers*, 205 Ga. App. 834, 835 (1) (424 SE2d 19) (1992).