A07A1516. EXEL TRANSPORTATION SERVICES, INC.
v. SIGMA VITA, INC.
(654 SE2d 665)

BERNES, Judge.

In this suit to recover on an open account, Sigma Vita, Inc., a motor carrier, sued Exel Transportation Services, Inc., a shipment broker. Both parties moved for summary judgment. The trial court granted Sigma's motion and denied Exel's. Exel contends that the trial court's rulings were erroneous because Sigma's claim was barred by the expiration of the 18-month statute of limitation set forth in 49 USC § 14705 (a). We agree and reverse.

"[T]he statute of limitation goes to the merits of a recovery and is a proper issue for disposition by motion for summary judgment." (Citation, punctuation and footnote omitted.) *Dept. of Human Resources v. Nation*, 265 Ga. App. 434, 439 (3) (594 SE2d 383) (2004). "Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." (Footnote omitted.) *Hamburger v. PFM Capital Mgmt.*, 286 Ga. App. 382 (649 SE2d 779) (2007). See also OCGA § 9-11-56 (c). On appeal, we review the trial court's summary judgment decision de novo, viewing the evidence in the light most favorable to the nonmovant. *Hamburger*, 286 Ga. App. at 382.

So viewed, the evidence shows that from June 30, 2004 to October 14, 2004, Sigma provided transportation services for a shipment that originated in Shanghai, China; arrived in the United States at a port in Savannah, Georgia; and was delivered, as intended, to final destinations in Stone Mountain, Georgia, Tampa, Florida, and Blythwood, South Carolina. The total amount due for Sigma's services was $35,181.60. On April 19, 2006, after Exel allegedly failed to pay the invoiced amounts, Sigma filed the instant action.

Exel filed a motion for summary judgment contending that Sigma's claim was barred by the expiration of the 18-month statute of limitation established by 49 USC § 14705 (a). Sigma filed a cross-motion for summary judgment, contending that the action presented state law claims that had been filed prior to the expiration of the relevant statute of limitation. Sigma argued that the action was governed by the statute of limitation provisions of OCGA § 9-3-25 which require that actions on an open account be brought within four years after the cause of action accrues, and OCGA § 46-9-5, which require that actions by common carriers for charges accruing in connection with intrastate shipments be initiated within three years after the cause of action accrues. The trial court decided in favor of Sigma as to both motions. In reaching its decision, the trial court erroneously relied upon 49 USC § 14706, a statute we find inapposite, as will be explained more fully below.

a. The Interstate Commerce Act ("ICA") provides federal jurisdiction "over transportation by motor carrier and the procurement of that transportation . . . between a place in . . . a State and a place in another State" or "the United States and a place in a foreign country to the extent the transportation is in the United States." 49 USC § 13501 (1) (A), (E). 49 USC § 14705 (a) specifically sets forth the statute of limitation for actions brought by motor carriers subject to its jurisdiction. It provides: "A carrier providing transportation or service subject to jurisdiction under chapter 135 [49 USC § 13501 et seq.] must begin a civil action to recover charges for transportation or service provided by the carrier within 18 months after the claim

accrues." The claim accrues upon delivery or tender of delivery by the carrier. 49 USC § 14705 (g).

It is undisputed that Sigma is a motor carrier that brought this action to recover for its transportation charges. It is further undisputed that Sigma's services transporting the shipment from the Savannah port to the Florida and South Carolina destinations constituted interstate transportation covered by the ICA under 49 USC § 13501 (1) (A). Sigma argues, however, that the majority of its services constituted intrastate transportation from the Savannah port to the Stone Mountain destination and since those shipments did not cross the Georgia border, they were not covered by the ICA. We disagree. In determining whether shipments constitute interstate or foreign commerce,

> the critical inquiry is not whether the domestic leg of the shipment crossed a state border but rather it is whether the domestic leg of the shipment was intended to be part of a larger shipment originating in a foreign country. If it is part of such a larger shipment, then it is a shipment "between a place in . . . the United States and a place in a foreign country to the extent the transportation is in the United States."

(Citation omitted.) *Swift Textiles v. Watkins Motor Lines*, 799 F2d 697, 701 (11th Cir. 1986). See also *Taylor v. Central of Ga. R. Co.*, 31 Ga. App. 374, 377 (121 SE 348) (1923) ("Even though the bill of lading may call for a shipment from one point to another in the same [s]tate, it may be shown that an interstate or foreign movement was contemplated or reasonably to be anticipated by the parties, and thus that the shipment was in fact interstate. This is the true test.") (citations omitted).

Here, the undisputed evidence establishes that the shipments were part of a larger foreign shipment from China with intended final destinations of Georgia, Florida, and South Carolina. The arrival of the goods at the Savannah port was "but a mere link in the chain of foreign commerce that continue[d] until the goods . . . arrived at their intended destination[s]." (Citation and punctuation omitted.) *Swift Textiles*, 799 F2d at 700. As such, all of the shipments in this case constituted a continuation of foreign commerce by a motor carrier, to which the ICA applies. See id.; 49 USC § 13501 (1) (E).

Having concluded that the ICA applies in this case, we turn to the more specific question of whether the statute of limitation set forth in 49 USC § 14705 (a) applies. We conclude that it does. Sigma is a motor carrier that has filed "a civil action to recover charges for transportation or service [that it] provided," which is a circumstance governed by 49 USC § 14705 (a). Sigma seeks to recover its transportation

charges for services provided from June 30, 2004 to October 14, 2004. The instant action was not filed until April 19, 2006 — five days beyond the federal prescribed eighteen-month limitation period. Sigma's suit, therefore, is time barred and Exel's motion for summary judgment based upon this affirmative defense should have been granted. See generally *Emmert Indus. Corp. v. Artisan Assoc.*, 497 F3d 982, 986-990 (9th Cir. 2007) (carrier's suit seeking recovery for transportation charges against a transportation broker was barred by 18-month statute of limitation of 49 USC § 14705 (a)).

49 USC § 14706 (a) (1), upon which the trial court relied, applies only to "the *liability of a carrier*" for "actual loss or injury to . . . property." (Emphasis supplied.) Indeed, the statute is entitled "Liability of carriers under receipts and bills of lading." Accordingly, 49 USC § 14706 (a) (1) may only be applied in actions brought *against* a carrier.[1] In contrast, 49 USC § 14705 (a) applies to claims, like those of Sigma in this case, which are *brought by a carrier to recover* for transportation charges. Thus, the trial court erred in applying 49 USC § 14706 (a) (1) to this case.

Sigma nonetheless contends that 49 USC § 14705 does not preempt its state law causes of action for breach of contract or suit on an open account and, therefore, the state limitation periods apply.[2] Again, we disagree. The federal statute of limitation of "[49 USC] § 14705 (a) necessarily preempts any state law providing for a longer limitations period." *Emmert Indus. Corp.*, 497 F3d at 989-990.[3] See also *J. F. Barton Contracting Co. v Southern R. Co.*, 191 Ga. App. 13 (380 SE2d 724) (1989) (holding that former 49 USC § 11706 (1993), predecessor to 49 USC § 14705 (a), preempted Georgia renewal statute). Moreover, "nothing in the text or context of § 14705 (a) indicates that the eighteen-month limitations period is restricted to claims . . . arising under federal law." *Emmert Indus. Corp.*, 497 F3d

---

[1] Significantly, 49 USC § 14706 sets forth its own separate provision governing the limitations period of actions to recover for losses against carriers. See 49 USC § 14706 (e) (1).

[2] Sigma supports its contention by citing *US-1 Van Lines of Ga. v. Ho*, 240 Ga. App. 417, 418 (2) (523 SE2d 643) (1999) (physical precedent only); *Martin v. North American Van Lines*, 226 Ga. App. 187, 188 (1) (485 SE2d 815) (1997); and *Clark v. Messer Indus.*, 222 Ga. App. 606, 607 (2) (475 SE2d 653) (1996). It is true that these cases stand for the proposition that the Carmack Amendment preempts state law claims for damage to property transported by a motor carrier in interstate commerce under a bill of lading, but does not preempt claims for other types of damage caused by the motor carrier. Id. Again, however, these cases are inapposite because they set forth rulings related to the Carmack Amendment's claims of liability *against* a motor carrier. The unreported decision *Learning Links, Inc. v. United Parcel Svc. &c.*, 2006 WL 785274, *5 (II) (C) (S.D. N.Y. 2006), also cited by appellee, is similarly inapposite. It involved application of the statute of limitation under the separate provision of 49 USC § 14705 (b), governing commencement of a civil action to recover overcharges against a carrier.

[3] We note that the state statutes of limitation are preempted even though the state causes of action may not be. See *Arctic Express v. Del Monte Fresh Produce*, 366 BR 786, 792 (IV) (A), n. 2 (S.D. Ohio 2007). See also *Emmert Indus. Corp.*, 497 F3d at 989-990.

at 988. See also *CGH Transport v. Quebecor World*, 2006 WL 1117659, *2 (E.D. Ky. April 24, 2006) ("That [a party's] claims are not preempted by federal law does not preclude the defendants from relying on federal law to provide an affirmative defense."). Accordingly, Sigma's state law claims for breach of contract and recovery on an open account are nonetheless subject to the federal statute of limitation affirmative defense. See *Emmert Indus. Corp.*, 497 F3d at 988-990; *Barber Auto Sales v. United Parcel Svcs.*, 494 FSupp.2d 1290, 1294-1295 (C) (1) (N.D. Ala. 2007); *CGH Transport*, 2006 WL 1117659 at *2; *Arctic Express v. Del Monte Fresh Produce*, 366 BR 786, 790-793 (IV) (A) (S.D. Ohio 2007).[4]

Finally, we find no merit in Sigma's further contention that 49 USC § 14705 (a) does not apply since Exel is a broker, not a shipper. The statutory provisions of 49 USC § 14705 (a) do not limit recovery for transportation charges against any particular type of defendant. See 49 USC § 14705 (a). The parties do not urge that 49 USC § 14705 (a) is ambiguous, and "[a] court cannot by construction add to, take from, or vary the meaning of unambiguous words in a statute." (Citation and punctuation omitted.) *City of Atlanta v. Clayton County Bd. of Tax Assessors*, 271 Ga. App. 84, 86 (1) (608 SE2d 710) (2004). As such, we do not read into the statute the additional limitation that Sigma seeks to impose. See generally *Emmert Indus. Corp.*, 497 F3d at 986-990 (carrier's suit seeking recovery for transportation charges against a transportation broker).

b. Sigma argues alternatively that it satisfied the 18-month limitation period by filing a motion to assert a permissive counterclaim in a prior federal lawsuit. In the prior lawsuit, which involved another shipment, Sigma filed a motion to file a permissive counterclaim based on the transportation charges at issue here. The federal court, however, denied the motion. As such, Sigma's permissive counterclaim was never actually filed.

Sigma has cited no authority for the proposition that the mere filing of a motion for a permissive counterclaim is the equivalent of bringing a claim. Sigma's reference to OCGA § 9-11-15 (c), governing circumstances in which an amendment relates back to the date of the original pleading, has no application in this case since Sigma was not allowed to amend its pleadings in the federal action. Sigma's argument that its federal motion gave Exel sufficient notice of its claims is similarly without merit.

---

[4] Although Sigma correctly argues that federal decisions are not binding upon our state courts, they are persuasive, particularly where, as here, they construe federal provisions and there are no binding state law authorities directly addressing the issue. See *McKeen v. Fed. Deposit Ins. Corp.*, 274 Ga. 46, 48, n. 1 (549 SE2d 104) (2001); *Baskin v. Ga. Dept. of Corrections*, 272 Ga. App. 355, 359 (3) (612 SE2d 565) (2005).

[N]otice of the facts of the case prior to the running of the statute of limitation . . . alone is not sufficient to satisfy the elements of OCGA § 9-11-15 (c). By the plain wording of the statute, the required notice is notice of the institution of the action (i.e., notice of the lawsuit itself) and not merely notice of the incidents giving rise to such action.

(Citations and punctuation omitted.) *Harrison v. Golden*, 219 Ga. App. 772, 773 (1) (466 SE2d 890) (1996).

Otherwise, OCGA § 9-11-3 (a) is clear that "[a] civil action is commenced by filing a complaint with the court." Since Sigma did not file its complaint with the court until April 19, 2006 — five days past the expiration of the federal limitation period — its claims are time barred. Sigma was prohibited from recovery and Exel was entitled to the grant of summary judgment.

*Judgment reversed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 21, 2007.

*Hall, Booth, Smith & Slover, Mark A. Barber, W. Scott Henwood, Annette F. Simelaro*, for appellant.

*Hall & Kirkland, Joseph M. Hall, DuAnn C. Davis*, for appellee.