**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 10, 2020**

# In the Court of Appeals of Georgia

A19A2082. ST. FRANCIS HEALTH, LLC v. WENG.

RICKMAN, Judge.

St. Francis Health, LLC ("SF Health") appeals from an order of the Muscogee County State Court denying its motion to dismiss the claims asserted against it by Carol Anita Weng and granting Weng's motion to add SF Health as a party-defendant in the underlying case. SF Health contends that the trial court's order must be reversed because Weng's claims against it are barred by the applicable statute of limitation, and the trial court erred in concluding otherwise. For reasons explained more fully below, we agree and therefore reverse the trial court's order.

We review a trial court's decision on a motion to add a party to an existing action for an abuse of discretion. *Western Sky Financial, LLC v. State ex rel. Olens*, 300 Ga. 340, 357 (3) (a) (793 SE2d 357) (2016). "Such an abuse occurs where the

trial court's ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law." *Mathis v. BellSouth Telecommunications*, 301 Ga. App. 881, 881 (690 SE2d 210) (2010).

Here, the relevant facts are undisputed and show that Weng, acting individually and in her capacity as next of kin and executrix of the estate of Lethia Jean Hemingway, filed the current action on August 29, 2018 against a number of defendants, including SFH Wind Down, Inc., d/b/a St. Francis Hospital, Inc., d/b/a St. Francis Hospital ("SFH Wind Down").[1] The complaint asserted a claim for medical malpractice and alleged that on September 4 and 5, 2016, the defendants failed to diagnose and treat a pulmonary embolism suffered by Hemingway that resulted in her death.[2]

On September 6, 2018, SFH Wind Down's registered agent received service of the complaint. That same day, the attorney for SFH Wind Down emailed Weng's

---

[1] The other named defendants were Max R. Shiver, M.D., John Doe MDs 1-3, John Doe CRNs 1-3, TeamHealth, LLC, and/or XYZ Corp. 1-3. None of the other named defendants is a party to this appeal.

[2] The claims asserted against SFH Wind Down were based on the theories of respondeat superior and agency.

attorney and informed him that "SFH Wind Down, Inc., . . . f/k/a St. Francis Hospital, Inc. . . . is currently a Chapter 7 debtor in a bankruptcy . . . ." The email further stated:

> I am writing as a courtesy to inform you that you have sued the wrong entity. SFH [Wind Down] sold the assets of St. Francis Hospital in a transaction that was effective January 1, 2016. I believe with due diligence you will find that, at the time of the claim asserted in the Lawsuit (and continuing until the present date), the hospital was owned and operated by St. Francis Health, LLC, a Delaware entity.

Approximately six weeks after receiving that email (and approximately six weeks after the statute of limitations had expired), Weng filed an amended complaint in which she named SF Health as a defendant in lieu of SFH Wind Down. Although the amended complaint purported to drop two previously-named defendants and add three new party-defendants, including SF Health,[3] Weng neither sought nor obtained leave of court before filing that complaint.

On October 26, SF Health filed a notice of special appearance, together with an answer, affirmative defenses, and a motion to dismiss. In support of its motion to

---

[3] The complaint also dropped TeamHealth, LLC as a defendant and instead named Inphynet Primary Care Physicians, Southeast, P. C. and Acute-Care Express as defendants.

dismiss, SF Health asserted that it could not be added as a party-defendant by way of an amended complaint. It further argued that because Weng had failed to file her claims against SF Health or otherwise provide that entity with notice of her lawsuit within the applicable statute of limitation, Weng's claims were time-barred. Approximately one month later, on November 23, Weng filed both a response to the motion to dismiss and a motion seeking leave of court to dismiss SFH Wind Down and add SF Health as a party-defendant.

Following a hearing, the trial court entered an order denying the motion to dismiss and granting Weng leave to add SF Health as a party-defendant. The court thereafter certified its order for immediate review, and SF Health filed an application for an interlocutory appeal, which this Court granted. This appeal followed.

SF Health asserts that the trial court erred in denying its motion to dismiss because Weng failed to bring her claims against it within the applicable statute of limitation. We agree.

The undisputed evidence shows that the statute of limitation on Weng's medical malpractice claims expired on September 5, 2018. See OCGA § 9-3-71 (a) ("[A]n action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission

4

occurred.") Although Weng filed her original complaint within the limitation period, there is no evidence that SF Health received notice of the action until on or about October 15, 2018, when Weng filed her unauthorized[4] amended complaint naming SF Health as a new defendant. Despite the fact that Weng presented no evidence showing that SF Health had notice of the lawsuit until approximately six weeks after the statute of limitation had expired, the trial court denied the company's motion to dismiss and allowed Weng to amend her complaint to add SF Health as a party. Specifically, the trial court found that such an amendment naming a new party outside of the limitation period was allowed under OCGA § 9-11-15 and OCGA § 9-11-21.

The statutory subsection on which the trial court relied permits a plaintiff to add a new party-defendant to her lawsuit after the statute of limitation has expired where the plaintiff can demonstrate that: (1) the claim asserted in the amended complaint arises out of the same underlying facts "set forth in the original pleading"; (2) during the applicable limitation period, the new defendant had notice of the original lawsuit such that "he will not be prejudiced in maintaining his defense on the

---

[4] See *Wright v. Safari Club Int'l*, 322 Ga. App. 486, 494 (5) (745 SE2d 730) (2013) (because a court order is required to add or drop parties to a lawsuit, "an amendment to a complaint adding a new party without first obtaining leave of the court is without effect") (citation and punctuation omitted).

merits"; and (3) the new defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." OCGA § 9-11-15 (c). See also *Cartwright v. Fuji Photo Film U.S.A.*, 312 Ga. App. 890, 894 (2) (720 SE2d 200) (2011).

In its order granting Weng leave to add SF Health as a party defendant, the trial court addressed only the question of whether SF Health would suffer prejudice if added to the lawsuit almost 5 months after the statute of limitation had run. And it concluded that no such prejudice would occur because "written discovery has just begun, with extension of time for filing discovery having been previously mutually agreed-upon by the parties." Notably, the trial court's order did not address whether SF Health had notice of the lawsuit before the limitation period expired.

In this context, notice refers to "notice of the institution of the action (i.e., notice of the lawsuit itself) and not merely notice of the incidents giving rise to such action." (Citation and punctuation omitted). *Excel Transportation Services v. Sigma Vita*, 288 Ga. App. 527, 532 (b) (654 SE2d 665) (2007). And here, Weng presented no evidence showing that SF Health had such notice.[5] Compare *Rasheed v. Klopp*

---

[5] Even if we assumed that the attorneys for SFH Wind Down informed SF Health of the underlying lawsuit, the record shows that SF Wind Down was not served with the complaint (and therefore did not have notice of the lawsuit) until

6

*Enterprises*, 276 Ga. App. 91, 93-94 (1) (622 SE2d 442) (2005) (amended complaint adding a new party-defendant following the expiration of the statute of limitation related back to the filing of the original complaint; the original defendant and the new defendant were "intertwined corporations which both [had] received notice of [the] action before the expiration of the statute of limitation") (citation and punctuation omitted); *Robinson v. Piggly Wiggly of Calhoun*, 193 Ga. App. 675, 676 (388 SE2d 754) (1989) (relation-back provision of OCGA § 9-11-15 (c) applied where the evidence showed that the agent for the improperly-named defendant also served as president of the newly-named defendant, whom plaintiff sought to add as a party after the limitation period had expired; because its president had accepted service of the original lawsuit, the new defendant had notice of the lawsuit within the statute of limitation).

Given Weng's failure to come forward with any evidence showing that SF Health had knowledge of her lawsuit before the limitation period expired, the trial court abused its discretion in allowing Weng to amend her complaint to add SF Health as a party defendant and in denying SF Health's motion to dismiss the claims against it. See *Harrison v. Golden*, 219 Ga. App. 772, 773 (1) (466 SE2d 890) (1995).

September 6, 2018, one day after the statute expired.

See also *Ford Motor Co. v. Conley*, 294 Ga. 530, 538 (2) (757 SE2d 20) (2014) ("the trial court's discretion must be exercised in conformity with the governing legal principles"). Accordingly, we reverse the trial court's order.

*Judgment reversed. Miller, P. J., and Reese, J., concur.*